## Koswig *v.* Ellison & Sons, Appellants.

*Sales—Affidavit of defense—Sufficiency—Statute or Limitations.*

In an action of assumpsit for goods sold and delivered, it appeared that the materials were sold in Germany for delivery in London in 1914. The World War having intervened the action for the failure to pay was instituted on December 30, 1924. It de-

veloped that, at the declaration of war, the Statute of Limitations had run against the claims for two years eleven months and six days, and for two years, five months and six days respectively, and that at the termination of hostilities the plaintiff had three years and twenty-four days in which to bring suit on the older claim and a further period of six months on the second claim.  The one claim was well within the required time, and the bar to the other was tolled by the payment received through the clearing house in 1924.

*Held*: That the World War suspended the running of the Statute of Limitations, and that it did not commence again until the execution of the Treaty of Versailles, and that an action brought within six years from the execution of the contract, excluding the period of the World War, was in time.

Argued November 9, 1926.   Appeals Nos. 227 and 260 October T., 1926, by defendants from judgment of C. P. No. 4 Philadelphia County, December T., 1924, No. 6246, in the case of Max Koswig, trading as F. F. Koswig v. Henry E. Ellison, William R. Ellison and Howard B. Ellisono, Jr., individually and as co-partners, trading as John B. Ellison & Sons.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.   Affirmed.

Assumpsit for goods sold and delivered.   Before AUDENRIED, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule in the following opinion:

The plaintiff, Max Koswig, claims of the firm of John B. Ellison & Sons the sum of $1169.81, that being the equivalent in American currency of 240 pounds 4 shillings and 2 pence English money which, he alleges, the defendants owe him for certain cloth that he delivered to them at their request.

The statement avers that when the goods were ordered the plaintiff was engaged in the manufacture of woolen fabrics at Funsterwalde in Germany

and that the defendants, who had an office in Philadelphia and another in London, were carrying on the business of buying and selling such fabrics. Part of the cloth for the price of which Koswig sues was shipped to the defendants November 15, 1913. The rest was shipped at various dates between February 28, 1914, and April 11 of that year. The goods were all delivered at the defendants' place of business in London. They were shipped on written orders sent by the defendants from London and received by the plaintiff at Funsterwalde. Business relations between these parties had begun in the year 1898. The terms of payment for the cloths purchased by the defendants had been agreed upon originally by word of mouth. These terms had since been adhered to by the parties throughout the course of their dealings. It was understood between them that all cloth delivered in any year between February 21 and August 20 should be paid for on the thirty-first day of the following October, and that the price of cloth delivered to the defendants between August 21 and February 20 next following should be paid on the thirtieth day of the ensuing April.

The plaintiff credits the defendants with sundry allowances claimed by them for damage to or shortage on the cloths delivered and with 35 pounds 2 shillings and 3 pence for cash paid him on account May 12, 1924. Interest is claimed on the balance above mentioned from the dates on which, under the agreement of the parties, the price of the goods delivered became due.

The affidavit of the defendants avers that the cash payment with which the plaintiff credits them was received by him through the clearing house established in London, pursuant to the provisions of the Treaty of Versailles, for the adjustment of claims between the citizens of England and German citi-

zens, he having presented his claim against the defendants before that body. It further alleges that the plaintiff's cause of action accrued more than six years before December 30, 1926, and that during that period the defendants have not paid or promised to pay him anything on account of his claim. It is asserted that the claim in suit is barred by the Statute of Limitations and particularly by the Act of June 26, 1895, P. L. 375, since the sale of the cloth was made in Germany in the years 1913 and 1914, and under the German Civil Code, which became operative January 1, 1900, and, so far as this point is involved, is still in force, the right to demand an act or forebearance is subject to prescription, the period of prescription, in the case of the claims of merchants and manufacturers for the delivery of goods, being two years.

The affidavit of defense points out that the statement of claim does not mention at what rate interest is claimed, or under the law of which country the claim for interest is made. In its 11th paragraph it avers that "at the times involved," the exchange value of Pounds Sterling in American currency was not $4.87, as alleged by plaintiff, but fails to state what the rate of exchange was. The delivery of the cloth as set forth in the statement is admitted by the defendants.

The Court is of the opinion that, so far as relates to the plaintiff's claim for the price of the cloth, the defense set up is insufficient.

The shipment of November 15, 1913, should have been paid for on April 30, 1914. Payment for the subsequent shipments should have been made on October 31, 1914. Under the Act of March 27, 1713, 1 Sm. L. 76, Sec. 1, an action for the recovery of the price of goods delivered must be brought within six years after the debt becomes demandable. In

the ordinary course of events, therefore, the plaintiff's action for the price of his first consignment to the defendants should have been commenced on or before April 30, 1920, and for that of his other deliveries not later than October 31, 1920. But war against Germany was declared by the United States on April 6, 1917. As between the citizens of the countries that participate in the conflict, war suspends all rights of action, and during its continuance stays the running of the Statute of Limitations: Zeliznik v. Lytle Coal Company, 82 Pa. Supr. Ct. 489. When a state of war is ended by the ratification of a treaty of peace between the belligerents the rights and remedies of their respective citizens are revived, and from that date the Statute of Limitations again becomes operative. At the breaking out of war with Germany, the statute had run against the plaintiff's first claim for two years eleven months and six days, and for two years five months and six days in the case of his other claim. The war was terminated by a treaty between Germany and the United States ratified October 21, 1921. The plaintiff then had three years and twenty-four days in which to bring suit on his older claim and a period longer by six months in the case of his later claim. He sued out the summons in this action on December 30, 1924, a date three years two months and nine days subsequent to the end of the war. So far as the amount payable October 31, 1914, is concerned this was well within the time remaining under the statute above referred to. As to the item that fell due April 30, 1914, the bar of the statute was tolled by the payment received by the plaintiff through the London Clearing House on May 12, 1924.

By the Act of June 26, 1895, P. L. 375, it is provided that "when a cause of action has been fully barred by the laws of the state or county in which

it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this Commonwealth.'' The defendants contend that as their contract with the plaintiff was made in Germany and as the law of Germany limits the right of a manufacturer or merchant to recover the price of goods sold to the period of two years, the plaintiff's right to recover the amount that they owe him for his cloth was barred before this suit was brought.

Their argument overlooks the meaning of the words ''cause of action'' in the statute referred to. In Shaffer's Estate, 228 Pa. 38, it was said by the Supreme Court, ''The phrase 'cause of action,' as used in the statutes fixing the jurisdiction of the courts according to where the cause of action arises, means that which creates the necessity for bringing the action. It arises when that is not done which should have been done, or that is done which should not have been done.'' The sale of goods may result in a cause of action for their price, but the cause of action cannot arise until payment thereof becomes due, and it then arises at the place where the money should be paid. The buyer's failure to pay for the goods according to his contract with the seller fixes the time when and place where a cause of action arises in respect to the purchase money. To these questions the locality in which the sale is agreed upon has no relation whatever.

If it be conceded in the present case that the sale of the cloth was made in Germany, the goods were to be shipped for delivery at the defendants' place of business in London. Payment for them was not to be made until at least two months and ten days had elapsed after their delivery. It was the duty of the defendants on the day when the purchase money became due either to forward it to the plaintiff or pay it on demand. They have not remitted

the price of the cloth, and although payment thereof has been often demanded they have refused to make it. Their default occurred in London, and it was in London that the plaintiff's cause of action arose. It follows that on the question as to what lapse of time will constitute a defense to the plaintiff's action as the period of limitation fixed by the German Civil Code is wholly immaterial.

The defendants make no point as to the effect on this claim of the English Statute of Limitations, and their affidavit supplies no information as to whether or not a statute of that character is now in effect in England.

The affidavit of defense avers that the rate of exchange on which the calculation of the amount in American currency of the price of the cloth delivered by the plaintiff is made in the statement is not correct. Upon this point it is defective, since the defendants fail to state the proper basis for making the conversion, and it may, therefore, be disregarded.

The price of the goods purchased by the defendants bore interest from the date when it should have been paid. As the rate was not provided for by the contract, it is fixed by the statutes or custom of the place where the money should have been paid. It cannot be assumed what either the English statute in regard to interest or the custom of London relative thereto may be. At common law interest was not recoverable. Without proper averments to warrant it, no allowance of interest can be made.

It is adjudged that as the claim for the price of the goods delivered to the defendants by the plaintiff the defense set up is insufficient. The rule for judgment is accordingly made absolute and judgment is entered for the plaintiff and against the defendants for the sum of $1169.81.

Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*John G. Kaufman,* and with him *Albert T. Bauerle,* for appellants.

*John C. Gilpin,* of *Graham & Gilfillan,* for appellee.

PER CURIAM, November 17, 1926.

This is an action of assumpsit to recover the price of goods sold and delivered, with interest on the amount thereof from the time payment became due. The court below, in disposing of a rule for judgment for want of a sufficient affidavit of defense, entered judgment against the defendants for the amount of the price which they admitted they had agreed to pay for the goods, but held that the right of the plaintiff to recover interest on said amount did not so clearly appear, from the statement of claim filed by the plaintiff and the affidavit of defense, as to warrant the entry of a summary judgment for the amount of said interest. Judgment was entered in favor of the plaintiff for the amount of the price of the goods, with leave to proceed to a jury trial upon his claim for interest on said amount. We have these two appeals from this action of the court, the defendants averring that the court erred in entering judgment against them for the amount of the price of the goods, and the plaintiff averring that the court erred in refusing to enter judgment for the amount of interest on his claim. The opinion of Judge AUDENRIED in disposing of the rule, which will appear in the report of this case, fully sustains the conclusion at which he arrived, and for the reasons in that opinion stated the assignments of error, in the respective appeals, are overruled.

In the appeal by the defendants, No. 227, October

Term, 1926, the judgment is affirmed. The appeal by the plaintiff, No. 260, October Term, 1926, is dismissed, without prejudice, &c.