Preston Hood Chevrolet, Inc. ("Hood Chevrolet"), petitions this Court for a writ of mandamus directing the Honorable Charles Price, judge of the Circuit Court of Montgomery County, to dismiss this action without prejudice pursuant to the doctrine of forum non conveniens codified at § 6-5-430, Ala. Code 1975.
James Cargill is a resident of Alabama. While in Florida on vacation, he read a Florida newspaper in which Hood Chevrolet advertised for sale a 1988 Chevrolet Astro van. The price stated in the advertisement was $13,995, and the advertisement stated that the van had been driven 17,247 miles. Cargill went to Hood Chevrolet and purchased the vehicle for $11,473.98.
Upon returning to Alabama, Cargill took the van to Capitol Chevrolet, Inc., in Montgomery, in order to transfer the warranty. An employee of Capitol Chevrolet told Cargill that he had to return to the dealer where he had purchased the van in order to transfer the warranty. When Cargill's wife returned the van to Hood Chevrolet in Florida, she was told that the van had actually been driven 117,247 miles, rather than 17,247 miles — that the odometer had "rolled over."
Cargill sued Hood Chevrolet in the Circuit Court of Montgomery County on July 7, 1992. Hood Chevrolet is a Florida corporation with its principal place of business in Fort Walton Beach, Florida. Hood Chevrolet filed a motion to dismiss, alleging a lack of personal jurisdiction. The trial court denied that motion, apparently finding sufficient contacts with the State of Alabama, including the fact that Hood Chevrolet advertises on radio and television stations in Alabama. See, Rule 4.2, Ala.R.Civ.P. This Court denied Hood Chevrolet's petition to appeal that interlocutory order.
Subsequently, Hood Chevrolet filed a motion to dismiss based on the doctrine of forum non conveniens; the trial court denied that motion also.
The doctrine of forum non conveniens
 " 'allows a court, which has jurisdiction and which is located where venue is proper, to refuse to exercise its jurisdiction when, in the interest of the parties and witnesses, and in the interest of justice and judicial economy, the case could be more appropriately tried in another forum. The prevailing question of whether a case should be entertained or dismissed "depends largely upon the facts of the particular case and is in the sound discretion of the trial judge." ' "
Ex parte Employers Ins. of Wausau, 590 So.2d 888, 892 (Ala. 1991) (citation omitted).
The doctrine of forum non conveniens was adopted in 1987 as part of a package of bills known collectively as the Alabama Tort Reform Act and is codified at Ala. Code 1975, § 6-5-430. That section provides as follows:
 "Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on *Page 845 
the same cause of action is commenced in the identified forum within 60 days of the dismissal."
The doctrine of forum non conveniens requires the court to determine whether to accept or decline jurisdiction of an action based upon a claim arising outside the state. Initially, the party seeking dismissal must show that the claim arose outside the state of Alabama. It is undisputed that Cargill's claim arose outside Alabama. Next, the party seeking dismissal must show that an alternative forum exists. Piper Aircraft Co.v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).
It is clear that whether to dismiss an action on the ground of forum non conveniens is within the sound discretion of the trial court and that its ruling on that question will not be reversed absent an abuse of discretion. Ex parte Southern Ry.,556 So.2d 1082 (Ala. 1989). Section 6-5-430 sets out a list of several factors for the court to use in determining whether to apply the doctrine of forum non conveniens: "the location where the acts giving rise to the action occurred"; "the convenience of the parties and witnesses"; and the "interests of justice." In addition, the court should consider the location of the evidence and any other relevant matter in order to assess the degree of actual difficulty and hardship that will result to the defendant in litigating the case in the forum chosen by the plaintiff. Ex parte Southern Ry., 556 So.2d at 1086.
The court will weigh the relative advantages and burdens associated with litigating in the plaintiff's choice of forum. Nevertheless, " 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " Ex parte Auto-Owners Ins. Co., 548 So.2d 1029,1032 (Ala. 1989), citing Gulf Oil Corp. v. Gilbert,330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).
It is clear that the acts giving rise to the action occurred in Florida. However, this fact alone is not enough to warrant a dismissal based on the doctrine of forum non conveniens. In considering the convenience of the parties and witnesses, we note that Cargill's wife, a resident of Montgomery, is a witness to the Hood Chevrolet employee's statement that the odometer had rolled over and that the actual mileage was greater than that indicated on the odometer. Additionally, Cargill's evidence indicates that a friend of Mrs. Cargill, who is also a resident of Montgomery, heard the employee make the statement concerning the odometer.
Hood Chevrolet's witnesses are residents of Florida, and two of those witnesses — the previous owner of the van and the salesman who sold the van to Cargill — are not within the subpoena power of the Montgomery circuit court. In its petition to this Court, Hood Chevrolet failed to indicate generally what the salesman's testimony would be. In Ex parte Allied-Signal,Inc., 561 So.2d 1062 (Ala. 1990), this Court stated that a defendant cannot assert the inconvenience of its witnesses without making a detailed statement specifying the key witnesses and providing general statements of the subject matter of their testimony. Although Hood Chevrolet indicated that the salesman would be a key witness, it failed to give the court a general statement concerning the subject matter of his testimony. In its brief, Hood Chevrolet did designate the previous owner of the van as a key witness and it included a brief statement indicating that the previous owner, who "sold the subject van to Preston Hood Chevrolet, and who represented the mileage on the van as accurate by his execution of the odometer disclosure statement and also by his verbal statements to the salesman, is a resident of Okaloosa County, Florida." It should be noted that the previous owner has been deposed by both parties and that the deposition was videotaped for use at trial if the previous owner refuses to come to Alabama.
Hood Chevrolet argues that because the parties have agreed that Florida law is applicable in this case, Florida courts would be a more appropriate forum, given the interest of justice. However, this Court held in Ex parte Allied-Signal
that the mere fact that another state's law is controlling does not warrant a dismissal. 561 So.2d at 1064-65. It should also be noted that a possibility *Page 846 
of a change in law should not be given substantial weight in determining whether to dismiss on the grounds of forum non conveniens, unless the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory as to be no remedy at all. Piper Aircraft Co. v. Reyno, 454 U.S. 235,102 S.Ct. 252, 70 L.Ed.2d 419 (1981).
All of the factors must be positively found in order to justify dismissal on the grounds of forum non conveniens. A writ of mandamus is a drastic and extraordinary remedy, to be issued only where the movant has a clear and indisputable right to the order sought. Ex parte Nissei Sangyo America, Ltd.,577 So.2d 912 (Ala. 1991). We conclude that the trial judge did not abuse his discretion in denying Hood Chevrolet's motion to dismiss. The petition for the writ of mandamus is hereby denied.
WRIT DENIED.
HORNSBY, C.J., and ALMON, HOUSTON and COOK, JJ., concur.