Integon Corporation and James T. Lambie petition this Court for a writ of mandamus ordering the Circuit Court of Bullock County to grant their motions to dismiss or, in the alternative, to grant their motions for a change of venue. The motions to dismiss are based on Ala. Code 1975, § 6-5-430. The motions for change of venue are based on Ala. Code 1975, §6-3-21.1.
Integon Corporation is a holding company organized under the laws of the State of Delaware. It has its principal place of business in Winston-Salem, North Carolina. Integon owns several insurance companies, including at least one subsidiary that has policyholders in Alabama. James T. Lambie is the president of Integon; he is a resident and citizen of North Carolina. The Innovative Company, Inc., is a corporation organized under the laws of the State of Delaware. Innovative is a holding company with its principal place of business in Birmingham, Alabama. The principal asset held by Innovative is Universal Insurance Company, a corporation organized under the laws of the State of North Carolina and with a principal place of business in Winston-Salem, North Carolina. Universal is wholly owned by Innovative. The respondents M. Lee Mitchell, W.E. Love, and T.E. Walker own stock in Innovative. Mitchell and Walker reside in Birmingham. Love lives in North Carolina.
In the fall of 1993, Lambie, as president of Integon, contacted Love and inquired about the possibility of Integon's purchasing Universal. The contact was by telephone and was made while both Love and Lambie were in North Carolina. Subsequent communications between Love and Lambie indicated that Universal's management might be interested in a purchase by Integon. Several meetings were held at Integon's offices in Winston-Salem between the principals on both sides of the transaction. Subsequently, it became apparent that, to obtain Universal, Integon would have to purchase Innovative and acquire the stock held by Mitchell, Love, and Walker. During these negotiations, the parties held several meetings. All of the meetings, except for one, were held in North Carolina. The other meeting was held at the Atlanta, Georgia, airport. No meetings were held in Alabama.
On February 23, 1994, Mitchell signed a letter of intent on behalf of the sellers. After the signing, Integon conducted a "due diligence" review of the transaction; it was conducted in Winston-Salem. Apparently all of the documents involved in the due diligence review came from Universal's offices in Winston-Salem. The letter of intent stated that the parties were to "attempt to negotiate and prepare" an agreement to consummate the transaction. All meetings between the parties attempting to prepare this definitive agreement occurred in Winston-Salem.
The parties, being unable to reach a definitive agreement, discontinued discussions. On March 2, 1995, Innovative, Universal, Mitchell, Love, and Walker sued Integon and Lambie in the Circuit Court of Bullock County, *Page 499 
Alabama. In their complaint, they alleged that Integon's discussions about purchasing Innovative (and thus Universal) had been a "hoax" and that Integon's decision not to purchase Innovative had caused "catastrophic" financial and personnel problems at Universal. Their complaint stated various claims of breach of contract and fraud, all based on Integon's not purchasing Innovative.
Integon moved to dismiss the case under § 6-5-430, so that the case could be litigated in North Carolina, or, in the alternative, to transfer the action, pursuant to § 6-3-21.1, to the Circuit Court of Jefferson County, Alabama. The circuit court denied the motion. Integon then filed a "motion for reconsideration," based on Ex parte New England Mut. Life Ins.Co., 663 So.2d 952 (Ala. 1995). The circuit court denied that motion. This mandamus petition followed.
Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. A petition for the writ of mandamus is a proper method for presenting a venue challenge based on the doctrine of forum non conveniens. Ex parte Pearson Management Co.,667 So.2d 48 (Ala. 1995); Ex parte Alabama Power Co., 640 So.2d 921
(Ala. 1994); Ex parte Ford Motor Credit Co., 561 So.2d 244
(Ala.Civ.App. 1990). When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner. Ex parteFord Motor Credit Co., 561 So.2d at 247, citing Ex parte GTEAutomatic Elec., Inc., 448 So.2d 385 (Ala.Civ.App. 1984).
The petitioners first argue that the action should be dismissed under the provisions of Ala. Code 1975, § 6-5-430. They say that all the events leading to this lawsuit occurred in North Carolina. They further argue that it would be significantly more convenient for the petitioners and their witnesses to litigate the case in North Carolina.
Section 6-5-430, as amended effective June 11, 1987, provides:
 "Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice."
The doctrine of forum non conveniens, as applied by §6-5-430, requires the court to determine whether to accept or to decline jurisdiction of an action based upon a claim arising outside the state. Initially, the party seeking dismissal must show that the claim arose outside Alabama. Next, that party must show that an alternative forum exists. Ex parte PrestonHood Chevrolet, Inc., 638 So.2d 842 (Ala. 1994), citing PiperAircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252,70 L.Ed.2d 419 (1981).
Although it is undisputed that many of the acts giving rise to the plaintiff's claims occurred in North Carolina, that fact alone does not warrant a dismissal based on § 6-5-430. See Exparte Preston Hood Chevrolet, 638 So.2d at 845. Considering the convenience of the parties, we note that two of the individual plaintiffs, Mitchell and Walker, reside in Alabama. One corporate plaintiff, Innovative, has its principal place of business in Alabama. Based on these facts, we conclude that the trial court did not abuse its *Page 500 
discretion in denying the defendants' motion to dismiss based on the doctrine of forum non convenience as codified at §6-5-430.
The petitioners next contend that the trial court abused its discretion by failing to transfer this action to Jefferson County under the doctrine of forum non conveniens as codified at § 6-3-21.1. That section provides:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
The purposes of the forum non conveniens doctrine of §6-3-21.1. are to prevent the waste of time and energy and to protect witnesses, litigants, and the public against unnecessary expense and inconvenience. Ex parte New EnglandMut. Life Ins. Co., 663 So.2d 952 (Ala. 1995); Ex parteTownsend, 589 So.2d 711 (Ala. 1991). A defendant seeking a transfer based on § 6-3-21.1 has the burden of proving to the satisfaction of the trial court that the defendant's inconvenience and expense in defending the action in the venue selected by the plaintiff are so great that the plaintiff's right to choose the forum is overcome. Ex parte New EnglandMut. Life, 663 So.2d at 956; Ex parte Townsend, 589 So.2d at 715. For a transfer to be justified, the transferee forum must be "significantly more convenient" than the forum chosen by the plaintiff. Ex parte Townsend, 589 So.2d at 715. See also, Exparte Johnson, 638 So.2d 772, 774 (Ala. 1994).
The petitioners argue that Jefferson County would be a significantly more convenient forum than Bullock County for the petitioners and their witnesses, who are all from North Carolina, as well as for the respondents and their witnesses, who are either from North Carolina or from Jefferson County, Alabama. In addition, the petitioners argue that no physical evidence is in Bullock County and that the causes of action have no relationship to Bullock County.
The plaintiffs, as respondents, argue that the action should not be transferred from Bullock County under § 6-3-21.1, because, they say, venue is proper in that county because a subsidiary of Integon "does business" by selling insurance policies in that county. In support of this argument, they citeEx parte Bloodsaw, 648 So.2d 553 (Ala. 1994). Bloodsaw does not support the plaintiffs' argument that this case should not be transferred. We stated in Bloodsaw that "the only relationship Ala. Code 1975, § 6-3-5, requires is that the foreign insurance corporation conducts business in [a particular] county; if it does, that county is a proper forum." 648 So.2d at 556. However, we did not hold that a foreign insurance corporation's "doing business" in a particular county will defeat a properly supported motion for change of venue based on the forum non conveniens provisions of § 6-3-21.1. In Bloodsaw, venue was proper either in Macon County or in Elmore County. The plaintiff sued in Macon County. We held that the defendant moving to transfer the case to Elmore County pursuant to §6-3-21.1 had failed to prove that the interests of justice or the inconvenience of trying the case in the county chosen by the plaintiff outweighed the plaintiff's right to choose a forum. Id.
Integon and Lambie have met their burden of proof under §6-3-21.1. None of the parties or witnesses is from Bullock County, and none of them resided in Bullock County when the complaint was filed. No events giving rise to this action and none of the harm or the injuries the plaintiffs claim to have suffered occurred in Bullock County. The petitioners and their witnesses are in either North Carolina or Birmingham, in Jefferson County, Alabama. All of the respondents and their witnesses are in either North Carolina or Birmingham. The parties and the witnesses would be forced to travel either from North Carolina or from Birmingham to Union Springs (the county seat of Bullock County). We conclude that that would be unduly burdensome and expensive and so much so that the plaintiffs' right to choose the forum is overcome. Thus, we conclude that the interests of justice require that the case be transferred to Jefferson County. *Page 501 
Based on the foregoing, we hold that the trial court abused its discretion in denying the defendants' motion for a change of venue based on the forum non conveniens provisions of §6-3-21.1. Therefore, the defendants are entitled to the writ. The Bullock Circuit Court is directed to transfer the case to the Jefferson Circuit Court.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.