KENNEDY, Justice
(dissenting).
I do not believe that ReLife is entitled to a writ of mandamus. Therefore, I must dissent.
A writ of mandamus is a drastic and extraordinary writ, to be issued only when the petitioner has a clear legal right to the order sought. Ex parte Preston Hood Chevrolet, Inc., 638 So.2d 842 (Ala.1994).
Mrs. Warren’s claims against the TriCare shareholders and TriCare’s claims against ReLife arose from the same transactions or series of transactions and should be tried in the same case, so as to permit the entire controversy to be disposed of in one action. Allowing factually related claims to be tried in the same case prevents inconsistent judgments arising from identical or similar evidence.
In 1991, TriCare borrowed money from Colonial Bank and secured the loan with collateral pledged by Mrs. Warren. In 1993, ReLife entered into a management agreement with TriCare obligating ReLife for TriCare’s “negative cash flow,” which would have included the loan from Colonial Bank. ReLife did not make payments on the loan as it had promised to do, and its failure to do so caused Mrs. Warren to lose her collateral. Generally, what constitutes a series of transactions is determined on a case-by-case basis and the question is left to the discretion of the trial judge. Ex parte Rudolph, 515 So.2d 704 (Ala.1987).
ReLife is not entitled to the writ of mandamus, because it has not shown a clear legal right to the relief requested. The trial court did not abuse its discretion in concluding that the transactions were related.