HOUSTON, Justice.
Mary Jane Jones Osbon (“the wife”) petitions for a writ of mandamus directed to the Cullman Circuit Court, ordering that court to disqualify her husband’s attorney because of what she says is an impermissible conflict of interest. We grant the petition and issue the writ.

I. Facts and Procedural History

This petition arises from a divorce action between the wife and John Doyle Osbon (“the husband”). In that action, the husband’s attorney, S. Wayne Fuller, issued a subpoena to the Cullman Area Mental Health Authority (“CAMHA”) seeking the wife’s mental-health records. In response, CAMHA, through its attorney, Dan J. Willingham, filed a motion for a protective order regarding the wife’s records. Will-ingham and Fuller are partners in the law firm of Fuller & Willingham.
On the same day that Willingham filed the motion for the protective order, he also submitted a proposed protective order authorizing the release of the wife’s mental-health records to Fuller and the husband. The trial court signed the proposed order. The motion for the protective order and the proposed protective order were never served upon the wife or her attorney; the wife did not learn of the motion until the trial court had signed the protective order.
After the wife, learned that the trial court had issued the protective order, she filed a motion to disqualify Fuller as the husband’s attorney based on an alleged conflict of interest. In response to her motion, Fuller filed a general denial. The wife then submitted a request for admissions to the husband. In his response to that request, the husband admitted that Fuller represented him and that Fuller and Willingham were law partners.
The wife then filed a motion to determine the sufficiency of the husband’s answers to the request for admissions. The trial court set a hearing on that matter and on the wife’s motion to disqualify Fuller as the husband’s attorney. Two months before the hearing, the wife submitted a written request for a court reporter to *1238 transcribe the proceeding. She renewed that request at the ' hearing. The trial court overruled her requests, and no court reporter was present at the hearing.
After refusing to hear any testimony at the hearing, the trial court denied the wife’s motion to disqualify Fuller as the husband’s attorney. The wife petitioned the Court of Civil Appeals for a writ of mandamus ordering the trial court to disqualify Fuller as the husband’s attorney because of an alleged conflict of interest. The Court of Civil Appeals denied the petition without issuing an opinion. Ex parte Osbon (No. 2020995, Sept. 2, 2003). The wife then filed the petition for a writ of mandamus currently before this Court.

II. Analysis

“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal Hgbt in the petitioner' to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; arid (4) properly, invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Mandamus is “the correct method for seeking review of a lower court’s ruling on a motion to disqualify an attorney.” Ex parte Central States Health & Life Co. of Omaha, 594 So.2d 80, 81 (Ala.1992).
The wife contends that an impermissible conflict of interest exists in this divorce action because the same law firm represents the husband, on the one hand, who is seeking to obtain her mental-health records from CAMHA, and CAMHA, on the other, which should be protecting her records. The wife contends that she was prejudiced by this conflict because, she says, the protective order, drafted by Will-ingham, authorizes the release of the records.[1]
Rule 1.10(a) of the Alabama Rules of Professional Conduct provides that “[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2.” Rule 1.7, Ala. R. Prof. Cond., provides:
“(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
“(1) the . lawyer reasonably- believes the representation will not adversely affect the. relationship with the other client; and ■
“(2) each client consents after consultation.”
In Fuller’s representation of the husband he subpoenaed the wife’s mental-health records from CAMHA. Willing-ham, representing CAMHA, moved for a protective order in opposition to the subpoena. Because Rule 1.10(a) requires a law firm to be treated as a single attorney, those actions by the two partners in the same firm are the equivalent of a lawyer’s opposing his own subpoena.
We hold that the fact that the two lawyers took opposing positions in the same case violated Rule 1.7(a), Ala. R. Prof. Cond., because a lawyer’s opposing his own subpoena is certainly a “directly adverse” representation and the exception in Rule 1.7(a) does not apply; neither Fuller nor Willingham can reasonably believe *1239 that their relationships with their clients would not be adversely affected by their respective positions in this action. In addition, there is no evidence indicating that their clients consented to the representation after consultation as required by Rule 1.7(a)(2).
Furthermore, in his brief before this Court, Fuller essentially admits that his representation of the husband creates a conflict of interest when he states that “when a hearing is to be had on the issuance of a subpoena which would cause Mr. Fuller and Mr. Willingham to take adverse positions, a conflict would arise sufficient to cause disqualification.” We would add that representing opposing positions on paper is no less adverse than doing so in a courtroom.
The husband argues that he is entitled to the wife’s mental-health records because, he says, the wife made her mental health a material issue in her alimony request made as part of her counterclaim for divorce. The husband is essentially arguing that he would be entitled to the wife’s records regardless of who his attorney is or who the attorney for CAMHA is. While it is true that the trial court should consider several factors, including the health of the parties, in awarding alimony, a party in an alimony dispute does not have an absolute right to examine another party’s medical records.[2]

III. Conclusion

Because we find that Fuller’s representation of the husband creates an impermissible conflict of interest, we grant the petition for the writ of mandamus and order the Cullman Circuit Court to disqualify Fuller as the husband’s attorney in the underlying divorce action.
PETITION GRANTED; WRIT ISSUED.
SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.

. The wife and amicus curiae Alabama Disabilities Advisory Program contend that, pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub.L. 104-191, and the psychotherapist-patient privilege of Ala.Code 1975, § 34-8A-21, the wife’s mental-health records should not be released without her consent.

. Any claim that the husband is entitled to examine these records must outweigh the wife’s right to keep her records private under, for example, the Health Insurance Portability and Accountability Act of 1996, Pub.L. 104— 191, and the psychotherapist-patient privilege of Ala.Code 1975, § 34-8A-21.