PER CURIAM.
James F. Robertson III (“the husband”), an inmate at the Fountain Correctional Facility, acting pro se, petitions this court to issue a writ of mandamus ordering the Escambia Circuit Court to enter a default judgment in his favor in his divorce action against Cynthia D. Robertson (“the wife”). For the reasons discussed below, we deny the husband’s petition.
The husband sued the wife for a divorce in March 2006. His complaint listed an address in Baldwin County as the wife’s last known address. In April 2006, the trial court notified the husband that the wife had not been served with process *111 because she was not living at the address he had listed as her last known address in his complaint. The husband then filed an affidavit pursuant to Rule 4.3(d)(1), Ala. R. Civ. P., stating that, after diligent inquiry, he had not been able to discover the whereabouts of the wife. The trial court clerk then prepared a notice to be published and instructed the husband that it should be published in The Atmore Advance, a newspaper of general circulation in Escambia County, once a week for four consecutive weeks. The trial court clerk further instructed the husband that, after the notice had been published in The At-more Advance once a week for four consecutive weeks, he would need to obtain proof of publication from The Atmore Advance to file with the trial court.
The exhibits accompanying the husband’s mandamus petition include a copy of a bill issued by The Atmore Advance to the husband indicating that it charged him $147.00 for publishing a legal notice regarding the divorce action on “07/05/06-07/26/06” and a copy of a notice of the divorce action .that was apparently published in The Atmore Advance on July 5, 2006; however, it is unclear whether these exhibits were filed with the trial court. Moreover, the exhibits do not include any evidence establishing that an affidavit satisfying the requirement of Rule 4.3(d)(5) was filed with the trial court.[1] Despite the apparent absence of such an affidavit, the husband nonetheless sent to the trial court clerk a motion seeking the entry of a default judgment by the clerk pursuant to Rule 55(b)(1), Ala. R. Civ. P. As the ground of his motion, the husband alleged that the wife had failed to answer or otherwise defend against the husband’s complaint within 30 days after the completion of service by publication. However, the trial court clerk returned the husband’s motion for a default judgment with a notice stating:
“I am returning your motion for entry of default for the following reasons: The court file shows no service of the defendant and, although the paperwork was done and submitted to you, there is no proof of publication in the file. Please contact whichever newspaper you had it published in to get the proof of publication. When we receive that, you can resubmit your motion. We will then put the motion on the next available motion docket and let the judge rule on it.”
The husband, however, apparently resubmitted his motion without any additional proof of publication, and the trial court judge denied the motion “for failure to comply with Rule 4.3, A[la.] R. C[iv.] P.” Subsequently, the husband moved the trial court judge to reconsider his denial of the husband’s motion, and the trial court judge denied the husband’s motion seeking reconsideration. Thereafter, the husband petitioned this court for a writ of mandamus ordering the trial court judge to enter a default judgment in the husband’s favor.
The Supreme Court stated the standard for issuance of a writ of mandamus in Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995):
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; *112 and properly invoked jurisdiction of the court.”
We must deny the husband’s petition because he does not have a legal right to the order sought — the husband has not established that the affidavit required by Rule 4.3(d)(5) was filed with the trial court.
PETITION DENIED.
All the judges concur.

. Rule 4.3(d)(5) states:
“Proof of Service. After the last publication, the publisher or the publisher’s agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service.”