Alpha Claude Neon Corporation, for use, *v.* Pennsylvania Distilling Company, Inc., Appellant.

Argued October 1, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harold L. Rothman,* for appellant.

*E. B. Strassburger,* with him *E. J. McKenna,* of *Strassburger & McKenna,* for appellee.

OPINION BY MR. JUSTICE BARNES, November 23, 1936:

Plaintiff brought suit in assumpsit in Allegheny County against the defendant to recover certain payments claimed to be due under the terms of two written contracts, whereby plaintiff was engaged by defendant to erect, paint, maintain and light, for a stipulated sum per month, certain signs advertising defendant's product on wall spaces in Pittsburgh, and at other places in Allegheny County. The defendant, a Maryland corporation, is duly registered in the office of the Secretary of the Commonwealth. Service of the summons was made upon it in accordance with the provisions of Section 1011 of the Act of May 5, 1933, P. L. 364, by having the sheriff of Dauphin County leave copies of the process with the Secretary of the Commonwealth.

Defendant in its petition to set aside the service of the writ alleged that it was not subject to suit in Allegheny County for the reasons, (1) the cause of action did not arise in Allegheny County but arose outside of the State of Pennsylvania; and (2) that its principal place of business in this State is in Armstrong County. The court below discharged the rule and ordered defendant to file an affidavit of defense to the merits within fifteen days. Defendant then took this appeal.

The sole question before us is whether the venue of the action is properly laid in Allegheny County.

The Act of May 5, 1933, supra, known as the Business Corporation Law, after providing in Section 1011 for service of process against a registered foreign business corporation, then reads as follows: "Such process may be issued by any court, magistrate, or justice of the peace having jurisdiction of the subject matter of the controversy in any county of the Commonwealth in which the corporation shall have its registered office, *or in the county in which the right of action arose.* . . ."

It is admitted that defendant's registered office and principal place of business within the State of Pennsylvania is Logansport, Armstrong County, where its distillery is located. However, since this suit was instituted in Allegheny County, it becomes necessary to decide whether the right of action which plaintiff is here asserting against defendant arose in that county.

The statutory language "right of action" when used in relation to the venue of a proceeding is synonymous with the term "cause of action": 2 Words & Phrases (1st Ed.) 1019. This expression has been defined by this Court in *Shaffer's Est.*, 228 Pa. 36, where we said (p. 40) : "The phrase 'cause of action' as used in statutes fixing the jurisdiction of the courts according to where the cause of action arises, means that which creates the necessity for bringing the action. It arises when that is not done which should have been done, or that is done, which should not be done: *Durham v. Spence,* L. R. 6 Ex. Cas. 46; *Hibernia Nat. Bank v. Lacombe,* 84 N. Y. 367." We later approved this definition in *Skelton v. Lower Merion Twp.,* 298 Pa. 471.

In the present case it was the default on the part of defendant in failing to make the payments alleged to be due plaintiff under these contracts which created the necessity for the bringing of this action. The right of action to recover the payments arose at the place where the payments were to have been made by defendant.*

---

* The portion of Section 1011 of the Business Corporation Law of 1933 as quoted is a re-enactment of, and identical in its phrase-

While it is true that no place of payment was specified in the contracts, our examination of the record has convinced us the parties themselves made the Pittsburgh office of plaintiff the place of payment.

According to the testimony, in all instances the monthly payments due under these contracts until the time the alleged default occurred were made by defendant to plaintiff in the form of checks mailed from its New York office to the Pittsburgh office of the plaintiff. At first these checks were sent to the plaintiff, Alpha Claude Neon Corporation, at its office in the City of Pittsburgh. After the assets of this corporation were taken over by the Pittsburgh Outdoor Advertising Company, on or about July 1, 1935, the monthly checks were sent by defendant to the office in Pittsburgh of the use plaintiff.

The rule is here applicable that where the parties have given a certain construction to a contract by their conduct, it is evidence that such a construction was the one intended by them: *Colder v. Weaver,* 7 Watts 466; *Gillespie v. Iseman,* 210 Pa. 1; 13 C. J. 546. As this Court stated in *Fisher v. Ronemus,* 267 Pa. 325 (p. 330): "Courts will, if they can, give to the contracts of parties the exact effect which the parties themselves gave to them, and interpret them just as they interpreted them: *Gillespie v. Iseman,* 210 Pa. 1. When the court is asked to say what the parties meant or intended by their contract, it is entirely safe to point to their own construction of it, as evidenced by their course

---

ology with part of Section 2 of the Act of June 8, 1911, P. L. 710. The following lower court cases have construed the phrase "county in which the cause of action arose" as used in the earlier act. In these cases suit was brought to recover money payments due under contracts for services rendered or goods sold in Pennsylvania. It was held that "the cause of action" was identical with "the right of action" and arose in Pennsylvania as the payments due were to be made there: *Taylor v. Seiler,* 14 Schuylkill 5; *Coal Hill Mining Co. v. H. W. Johns-Manville Co.,* 30 Dist. 217. See also *Miller Lock Co. v. Federal Equipment Co.,* 25 Dist. 243.

of dealing under it: *Peoples Natural Gas Co. v. Braddock Wire Co.*, 155 Pa. 22, 25; *McMillin v. Titus*, 222 Pa. 500."

We find no merit in the contention of defendant that the right of action upon these contracts arose in New York. It argues that because the contracts were first signed by plaintiff in Pittsburgh and then executed by defendant in New York City, the obligation of defendant was to make the monthly payments in New York, since no other place of payment was designated in the contracts; that these contracts having been made in New York, it must be held that the breach occurred, and the right of action arose there. But, as we have seen, the parties themselves by their acts clearly indicated an intention to make Pittsburgh the place of payment. In consequence the breach of performance on the part of defendant occurred when it failed to make the payments in Allegheny County, and it is there that the right of action arose. This question was before the Superior Court in *Koswig v. Ellison & Sons,* 89 Pa. Superior Ct. 208. The Court said, adopting the opinion of the court below, (p. 213) "The sale of goods may result in a cause of action for their price, but the cause of action cannot arise until payment thereof becomes due, and *it then arises at the place where the money should be paid.* The buyer's failure to pay for the goods according to his contract with the seller fixes the time when and place where a cause of action arises in respect to the purchase money. To these questions the locality in which the sale is agreed upon has no relation whatever."

It follows, therefore, that the right of action upon these contracts arose in Allegheny County, and the venue of the action was there properly laid. The refusal of the court below to set aside the service of process upon defendant was not error.

The order of the court below is affirmed.