300 So.2d 712 (1974)
W.E. STANFIELD and Wife, Kathleen Stanfield, Appellants,
v.
M.C. DeSTEFANO and Wife, June A. DeStefano, Appellees.
No. 74-472.
District Court of Appeal of Florida, Second District.
September 25, 1974.
A.P. Gibbs, of Dayton, Peel & Gibbs, Dade City, for appellants.
Phillip K. Beck, of Troiano, Roberts, Philpot & Smith, Lakeland, for appellees.
SCHWARTZ, ALAN R., Associate Judge.
The defendants below in an action for breach of an alleged oral express warranty in the sale of a show horse bring this interlocutory appeal from an order of the Polk County Circuit Court denying their motion, based upon a claim of improper venue, to abate or transfer the action to Pasco County.
The plaintiffs contend that, in the course of entering into a contract, consummated in Polk County, for the sale of the horse, the defendants orally represented that it was "sound in wind and limb, and free from any defect whatever;" but that, in fact, the horse was then, and had for a long time been chronically lame. It is undisputed both that the defendants are residents *713 of Pasco County and that the horse was delivered to and received by the plaintiffs there. The trial judge concluded that, under the applicable venue statute, F.S. § 47.011, "the cause of action accrued ..." in Polk County, where the contract of sale was made.
We hold to the contrary, that the warranty action "accrued" in Pasco County, where the subject of the warranty was delivered and where the breach therefore took place, and accordingly reverse the order below.
There is no question concerning the general rule that a cause of action is deemed to have "accrued" for venue purposes "where the act of default occurs." Mendez v. George Hunt, Inc., Fla.App. 1966, 191 So.2d 480, 481; Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346. In the case of an action for breach of warranty, the issue is controlled not, as the plaintiffs argue, by the place where the contract for sale was entered into, but rather where the breach took place  that is, where (and when) the goods in alleged breach of the warranty were delivered. Blanton v. Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313, 316 seems squarely so to hold. The holding of the Blanton case has been statutorily confirmed by F.S. § 672.2-725(2), which states:
"A cause of action accrues when the breach occurs . .. A breach of warranty occurs when tender of delivery is made ..."[1]
See also 77 C.J.S. Sales § 352, p. 1259, n. 75.
Since the tender of, and the delivery of the horse in question here occurred in Pasco, not Polk County, and since there is no other basis for the assertion of the right to maintain this action in Polk County, the order below is
Reversed.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] The exception in the statute does not apply since the warranty in question in this case did not relate to future performance and was allegedly breached at the very time of delivery.