# Brough v. Carl Cook Auto Sales, Inc.

*William A. Addams,* for plaintiff.
*Victor Dell'Alba,* for defendant.

SHUGHART, *P. J.,* June 15, 1976—Plaintiff in this case, who is a resident of Cumberland County, purchased a new car from defendant, a corporation doing business in York County. A few weeks after the purchase, the car was heavily damaged by a fire which erupted while the car was parked and unattended in Carlisle. It is plaintiff's position that this fire was caused by a defect in the electrical system of the car. According to plaintiff, this defect existed at the time of sale and constituted a breach of an implied warranty of merchantability as well as a breach of duty giving rise to a suit in trespass. At this juncture in the proceedings, defendant has, by way of preliminary objections, challenged venue and has also requested a more specific pleading. Since we conclude that venue properly lies in York County, we will not decide defendant's second objection.

## VENUE

The rule which governs the venue of this case is

Pa.R.C.P. 2179(a), which states that a personal action shall be brought against a corporation in:

"(1) the county where its registered office or principal place of business is located; or

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

In her answer to defendant's preliminary objections, plaintiff has admitted that Pa.R.C.P. 2179(a) (1) and (2) are not applicable to the present facts. Paragraph four of plaintiff's answer maintains that the fire represents an occurrence out of which the cause of action arose, and, therefore, venue in this county is appropriate under Pa.R.C.P. 2179(a) (4). We do not agree, nor do we believe that Pa.R.C.P. 2179(a) (3) places venue in Cumberland County.

As to the count in assumpsit, plaintiff seems to agree that venue would be in York County because no argument has been offered to place it elsewhere. Since, for statute of limitations purposes, the cause of action accrues on a breach of warranty claim when tender of delivery is made (Uniform Commercial Code, Act of April 6, 1953, P.L. 3, sec. 2-725 (2), as reenacted, Act of October 2, 1959, P.L. 1023, sec. 2, 12A P.S. §2-725(2)), it would not be inconsistent to hold that the place *where* the cause of action arises is the county where tender is made. In Alpha Claude Neon Corp. v. Pa. Distilling Co., Inc., 325 Pa. 140, 142, 188 Atl. 825, 826 (1936), the court adopted an earlier definition of cause of action as ". . . that which creates the necessity for bringing the action. It arises when that is not done which should have been done, or that is done, which

should not be done [citations omitted]." Accepting plaintiff's averments as true, the car was warranted as fit for its intended purpose at the time and place of sale when, in fact, it was not fit. Venue in the assumpsit action would clearly be in York County, since the breach occurred there.

The cause of action in trespass also arose in York County. The courts have often recognized that no comprehensive definition of cause of action can be formulated: Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 325-26, 319 A. 2d 914, 918 (1974); Fisher v. Hill, 368 Pa. 53, 58, 81 A. 2d 860, 864 (1951); Rooney v. Maczko, 315 Pa. 113, 118, 172 Atl. 151, 153 (1934). In negligence cases, however, the courts have consistently defined cause of action to mean the negligent act or omission as opposed to the injury which flows from the tortious conduct:* Kuisis v. Baldwin-Lima-Hamilton Corp., supra, 457 Pa. at 325; Fisher v. Hill, supra, 368 Pa. at 59-60; Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282, 117 Atl. 59 (1922).

Plaintiff attempts to avoid the thrust of the above cases by denominating the fire which resulted from the alleged negligence conduct an occurrence out of which the cause of action arose. Once the cause of action is defined as the negligent act, however, it is obvious that any occurrence giving rise to a trespass action happened in York County when the car was under defendant's control. Furthermore, although Pa.R.C.P. 2179(a) (4) is a broad venue provision, it is, nevertheless, intended to ensure that

*Plaintiff's theory of recovery on the basis of strict liability would not alter the result, since the wrongful act is the introduction of a defective article into the stream of commerce. See Salvador v. Atlantic Steel Boiler Co., 457 Pa. 24, 319 A. 2d 903 (1974). The cause of action would arise at the time and place of sale and not when damage occurred.

the county selected for suit by plaintiff is not only convenient to him but also bears a substantial relationship to the controversy: County Construction Co. v. Livengood Construction Corp., 393 Pa. 39, 142 A. 2d 9 (1958). Since the foundation of plaintiff's claim rests upon wrongful acts which, insofar as the present defendant is concerned, could have occurred only in York County, the fact that the damage arose in Cumberland County does not constitute such a "substantial relationship" so as to place venue here.

Two hypothetical illustrations demonstrate the basic unsoundness of the position which plaintiff would have us adopt. Assume that the present plaintiff had been on a pleasure trip to Columbia County when the car was consumed by fire. Clearly, neither purpose of Pa.R.C.P. 2179(a) (4) would be served by placing venue in that county. Having assumed the preceding facts, it is evident that the fire could have erupted in any county in the Commonwealth. To allow venue to depend upon the place where a latent defect becomes manifest would inject a wholly unacceptable level of uncertainty for both plaintiffs and defendants in the selection of a proper forum. By way of further illustration, assume that defendant sold one car (not in the regular course of business) to a resident of Erie County and another automobile to a purchaser living in Philadelphia County. If these vendees brought suit on facts similar to those now before us, it would be entirely unfair to force defendant to appear in those distant forums when the essential facts of the claims against it originated in York County.

MOTION FOR MORE SPECIFIC PLEADING

Having determined this case should properly be heard in York County, we will not proceed to the

second issue raised by defendant except to note that Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281, 124 A. 2d 699 (1956), would seem to indicate that there is no merit in defendant's argument.

## ORDER OF COURT

And now, June 15, 1976, defendant's preliminary objection to venue is sustained; it appearing, however, that venue properly lies in York County, the prothonotary is directed to transfer the record in this matter to the prothonotary of York County. Cost of transfer on plaintiff.