881 So.2d 396 (2003)
Ex parte KIA MOTORS AMERICA, INC., et al.
(In re Patricia Foxworth, as administratrix of the estate of Christopher Allen Durden, deceased
v.
Kia Motors America, Inc., et al.
Debra Woodward, as administratrix of the estate of Justin Valieres, deceased
v.
Kia Motors America, Inc., et al.
Howard Jeffreys, as administrator of the estate of Marilyn Elise Jeffreys, deceased
v.
Kia Motors America, Inc., et al.)
1011037.
Supreme Court of Alabama.
May 9, 2003.
As Modified on Denial of Rehearing November 21, 2003.
*397 De Martenson and Christopher S. Rodgers of Huie, Fernambucq & Stewart, LLP, Birmingham, for petitioners Kia Motors America, Inc., and Kia Motors Corp.
Ron Storey, Dothan, for petitioner Emerald Auto Sales, Inc.
J. Cole Portis and Benjamin E. Baker, Jr., of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery; and Herman Cobb and S. Steadman Shealy, Jr., of Cobb, Shealy & Crum, Dothan, for respondents.
PER CURIAM.
Kia Motors America, Inc., headquartered in California; Kia Motors Corporation, headquartered in Korea (Kia Motors America, Inc., and Kia Motors Corporation are hereinafter collectively referred to as "Kia"); and Emerald Auto Sales, Inc. ("Emerald"), located in Houston County, Alabama, petition this Court for a writ of mandamus directing the Houston Circuit Court to grant their motions to dismiss these cases based on the doctrine of forum non conveniens. See Ala.Code 1975, § 6-5-430. We grant their petition.

Facts and Procedural History
On October 16, 1999, Marilyn Elise Jeffreys, her daughter Danielle Jeffreys, Justin *398 Valieres, and Christopher Allen Durden were in a 1998 Kia Sephia automobile[1] when they were involved in a high-speed crash with another vehicle in Jackson County, Florida.[2] The force of the crash caused the Sephia to leave the roadway; it came to rest in a pasture, where it caught fire and burned. The only occupant to survive the accident was Danielle Jeffreys.
On September 7, 2001, Howard Jeffreys, as the administrator of the estate of Marilyn Elise Jeffreys; Patricia Foxworth, as the administratrix of the estate of Christopher Allen Durden; and Debra Woodward, as the administratrix of the estate of Justin Valieres (Howard Jeffreys, Foxworth, and Woodward are hereinafter collectively referred to as "the respondents"), sued Kia and Emerald in the Houston Circuit Court on theories of product liability, breach of warranty, and negligence and wantonness as to Kia, and product liability and breach of warranty as to Emerald.
On October 11, 2001, Kia filed a motion to dismiss the Alabama actions on the ground of forum non conveniens, pursuant to Ala.Code 1975, § 6-5-430; it requested the trial court to dismiss the actions and allow them to be filed in Jackson County, Florida.[3] Subsequently, Kia filed an evidentiary submission in support of its motion to dismiss, presenting the affidavits of 25 witnesses who are residents of Florida and who stated that it would be more convenient if the actions were brought in Jackson County, Florida, where the crash occurred. From the facts before us, it appears that the accident site, the decedents, the plaintiffs, nonparty witnesses, rescue personnel and medical examiners who might testify, and documents related to this accident are located in Florida. The wrecked vehicle is currently being stored in Birmingham.
On October 29, 2001, the respondents' counsel filed a motion to consolidate the three actions; that motion was granted. On November 13, 2001, Emerald filed its motion to dismiss the Alabama actions on the basis of forum non conveniens, adopting and incorporating all of the arguments previously made by Kia in its motion to dismiss.
The motions to dismiss were originally set for hearing in November 2001, but were subsequently continued to January 3, 2002, and again to February 6, 2002. On January 15, 2002, Kia and Emerald were notified that the trial court had denied their motions to dismiss without a hearing and without any responsive filing from the respondents.[4] The trial court's order stated: "The Court has reconsidered the motion for change of venue and finds that the Houston County Circuit Court will be more convenient to the parties. The Court also finds that [Emerald] is a resident *399 of Houston County." Kia and Emerald then filed this petition.

Standard of Review
Our standard of review in mandamus cases is well settled:
"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court. Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). `A petition for the writ of mandamus is a proper method for presenting a venue challenge based on the doctrine of forum non conveniens.' Id. (citations omitted). We apply the abuse-of-discretion standard when considering a mandamus petition challenging a venue ruling, and we will not issue the writ unless the trial court exercised its discretion in an arbitrary and capricious manner. Id."
Ex parte Brookwood Health Servs., Inc., 781 So.2d 954, 956-57 (Ala.2000). Furthermore, our review is limited to those facts that were before the trial court. Ex parte Jim Burke Auto., Inc., 776 So.2d 118, 120 (Ala.2000).

Analysis
Kia and Emerald allege that in denying their motions to dismiss on the basis of forum non conveniens the trial court exceeded its discretion. Specifically, they argue that because the decedents were, and the plaintiffs are, residents of Florida and because the accident occurred in Florida and the majority of witnesses and accident-related documents are located in Florida, in the interests of justice the trial court should dismiss these actions so that they may be brought in Jackson County, Florida. We agree.
Alabama's forum non conveniens statute, Ala.Code 1975, § 6-5-430, provides:
"Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort[,] has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal."
The doctrine of forum non conveniens requires a court to determine whether to accept or to decline jurisdiction of claims arising outside the state. Ex parte Integon Corp., 672 So.2d 497 (Ala.1995). "Initially, the party seeking dismissal must show that the claim[s] arose outside Alabama. Next, that party must show that an alternative forum exists." 672 So.2d at 499; Ex parte Preston Hood Chevrolet, *400 Inc., 638 So.2d 842, 845 (Ala.1994); Ex parte Employers Ins. of Wausau, 590 So.2d 888, 893 (Ala.1991); Jerome A. Hoffman & Sandra C. Guin, Alabama Civil Procedure § 2.148 (2d ed. 2000) ("A party seeking dismissal under § 6-5-430 must establish that the claim to be dismissed arose elsewhere than in Alabama." (footnote omitted)).
Thus, the trial court is compelled to dismiss an action without prejudice if, upon a defendant's motion, it is shown that there exists a more appropriate forum outside the state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice. Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala.1998). In addition, in determining whether a dismissal of the action on the ground of forum non conveniens should be granted, the trial court should consider "the relative ease of access to sources of proof, the location of the evidence, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of a view of the premises, if a view would be appropriate to the action, and any other matter in order to assess the degree of actual difficulty and hardship that would result to the defendant in litigating the case in the forum chosen by the plaintiff." Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990). If, after weighing all of the factors, the judge finds that the balance is "strongly in favor of the defendant," he or she may decline to exercise jurisdiction and dismiss the complaint. Id.
In the instant case, for the doctrine of forum non conveniens to be applicable, the claims must have arisen outside Alabama. The respondents' complaints allege product-liability and breach-of-warranty claims against both Kia and Emerald. Additionally, the respondents allege that Kia was negligent or wanton in its design and manufacture of the Sephia. It is undisputed that the product-liability and negligence claims against Kia arose in Florida. [5] However, the parties disagree as to where the breach-of-warranty claim against Emerald arose.[6] The respondents, in their brief, state,
"In this case, Florida's substantive law will apply to the products liability, negligence and wantonness claims brought against the Defendants Kia Motors America, Inc. (`KMA') and Kia Motors Corporation (`Kia'). However, the Plaintiffs' breach of warranty claims against Emerald Auto Sales, Inc., arise under Alabama law since the subject car was purchased in Alabama."
(Respondents' brief at 4.)
In contrast, Kia and Emerald allege that all of the respondents' claims, including the breach-of-warranty claim against Emerald, arose in Florida. We agree.
Section 7-2-725(2), Ala.Code 1975, provides:
"A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the *401 time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs."
(Emphasis added.) Clearly the breach-of-warranty claim in the present action is a claim of "damages for injury to the person in the case of consumer goods," the cause of action for which occurred in Florida. The claim, then, accrued in Florida. Accordingly, we find it is a "claim [that] has arisen outside this state." Ala.Code 1975, § 6-5-430.
In the present case, Jackson County, Florida, is clearly a more appropriate forum for these actions than is Houston County, Alabama. Applying Alabama law, we are satisfied that all of the causes of action occurred in Florida. Furthermore, 25 nonparty witnesses that Kia and Emerald plan to call on the issue of liability reside in Florida and cannot be subpoenaed and made to personally appear in the Houston Circuit Court. The inability to have live testimony in Alabama from these nonparty witnesses in the liability phase of this action, we believe, clearly favors dismissal pursuant to § 6-5-430, Ala.Code 1975. Section 6-5-430 authorizes the trial court to condition its dismissal upon a defendant's consent to jurisdiction in the transferee forum and waiver of any defense based on the statute of limitations. A dismissal pursuant to § 6-5-430 without providing for the right of a plaintiff to refile would be contrary to the interests of justice, one of the factors to be considered in ordering such a dismissal. As previously noted, Kia and Emerald have filed in this Court a notice of consent to jurisdiction and waiver of the statute of limitations, thereby obviating the need for judicial action to protect the respondents from the assertion of defenses based on jurisdiction and limitations periods upon refiling in Jackson County, Florida.

Conclusion
We hold that the trial court exceeded its discretion in failing to dismiss the actions pursuant to § 6-5-430, Ala.Code 1975. Therefore, we grant the petition and order the trial court to dismiss these actions so that they can be refiled in Jackson County, Florida.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., and SEE and WOODALL, JJ., dissent.
SEE, Justice (dissenting).
I respectfully dissent from the majority opinion holding that the trial court exceeded its discretion in failing to dismiss this case pursuant to Alabama's forum non conveniens statute, § 6-5-430, Ala.Code 1975.
The forum non conveniens statute provides, in pertinent part:
"Whenever ... a claim, either upon contract or in tort[,] has arisen outside this state against any person or corporation... and ... upon motion of any defendant, it is shown that there exists a more appropriate forum outside this state,... the court must dismiss the action without prejudice...."
§ 6-5-430, Ala.Code 1975. I agree with the majority that, for the forum non conveniens statute to apply, all of the claims in the present case must have arisen outside Alabama. However, I submit that Kia and Emerald have not met their burden of showing that the respondents' *402 breach-of-warranty claim against Emerald arose outside this State.
Where a breach-of-warranty claim arises for purposes of determining venue is a question of first impression in Alabama. The majority opinion concludes that the breach-of-warranty claim against Emerald arose in Florida because, under the statute of limitations, the cause of action for breach of warranty accrued when the accident occurred there. In reaching this conclusion, the majority likens the word "arisen" in the forum non conveniens statute to the word "accrue" in the statute of limitations. The statute of limitations provides that "a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs." § 7-2-725(2), Ala.Code 1975.[7] However, the words "arisen" and "accrue" are not synonymous. "Arisen" is used to describe the location of a cause of action, whereas "accrue" is used to describe the initial point in time when a cause of action may be asserted.
Although Alabama courts have not addressed this issue, other state courts have. Under Florida law, "a cause of action is deemed to have `accrued' for venue purposes `where the act of default occurs.'" Stanfield v. DeStefano, 300 So.2d 712, 713 (Fla.Dist.Ct.App.1974) (citations omitted). "In the case of an action for breach of warranty, [venue] is controlled ... by the place ... where the breach took place  that is, where (and when) the goods in alleged breach of the warranty were delivered." Id.
Under Pennsylvania law, a cause of action "arises when that is not done which should have been done." Alpha Claude Neon Corp. v. Pennsylvania Distilling Co., 325 Pa. 140, 142, 188 A. 825, 826 (1936). Relying on this rule of law, the Court of Common Pleas held that the place where an alleged breach of an implied warranty arises is the county where tender is made. Brough v. Carl Cook Auto Sales, Inc., 75 Pa. D. & C.2d 132, 134 (1976). Therefore, that court concluded that the proper venue for asserting a breach-of-implied-warranty claim was the county where the allegedly defective car had been purchased, not the county where the injury occurred. Id.
The consumer-goods exception contained in the statute of limitations, § 7-2-725(2), Ala.Code 1975, does not supplant the general rule that "a breach of warranty occurs when tender of delivery is made." It merely extends the time within which a consumer may assert a breach-of-warranty claim.
In the present case, Emerald warranted the car as fit for its intended purpose when the purchaser accepted delivery of the car in Houston County.[8] The respondents allege that the car was not fit for its intended purpose. The act giving rise to the breach-of-warranty claim against Emerald was Emerald's delivery of an allegedly defective car at its dealership in Houston County, not the accident in Florida. Therefore, the breach-of-warranty claim against Emerald arose in Houston County, even if it did not accrue, for purposes of *403 the statute of limitations, until the date of the Florida accident; thus, venue for this action properly lies in Houston County.
WOODALL, J., concurs.
NOTES
[1] Kia and Emerald do not tell us who owned the Kia Sephia or the date it was purchased. However, it is clear from the complaint that the vehicle had been purchased from Emerald.
[2] All four occupants of the Sephia were residents of Jackson County, Florida.
[3] On April 17, 2002, Kia and Emerald filed in this Court a "Notice of Consent to Jurisdiction and Waiver of Statute of Limitations," stating that upon the dismissal of the Alabama actions on the ground of forum non conveniens, they would consent to personal jurisdiction in Florida and would agree to waive any defense based upon any applicable statute of limitations. Similar consents were filed in the trial court.
[4] The only evidence before the trial court at the time of its ruling on the motions to dismiss was the respondents' complaint, the motions to dismiss, and the affidavits of 25 witnesses stating that it would be more convenient if the cases were brought in Jackson County, Florida, rather than in Houston County, Alabama.
[5] Both the respondents and Kia and Emerald state that the product-liability and negligence and wantonness claims against Kia arose in Florida.
[6] The respondents' breach-of-warranty claim against Kia and the products-liability claim against Emerald are not discussed in the respondents' brief.
[7] "The burden of proving improper venue is on the party raising the issue...." Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). Kia and Emerald do not provide this Court with any reason, much less the reason provided by the majority, why the breach-of-warranty claim against Emerald arose in Florida, not in Alabama. See City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998) ("[I]t is neither this Court's duty nor its function to perform [a party's] legal research.").
[8] It is not clear from the facts which of the respondents, if any, purchased the car from Emerald.