SEE, Justice
(concurring in the rationale in part and concurring in the judgments).
I concur fully in Part IV of the main opinion, which grants DCC’s and Dollar’s petitions for the writ of mandamus in the cases no. 1030573, 1030574, 1030575, 1030576, 1030577, and 1030579 insofar as they seek the transfer of those cases to the Birmingham Division of the Jefferson Circuit Court.
I concur in the result reached in Part III of the main opinion denying the petitions for the writ of mandamus in cases no. 1030573, 1030574, 1030575, and 1030589 insofar as they seek dismissal of those cases to permit their refiling in Georgia based upon the doctrine of forum non conve-niens, pursuant to Ala.Code 1975, § 6-5-430. I agree with the main opinion that the petitions for the writ of mandamus should be denied as to this issue; however, I believe that the petitions should be denied because DCC has not met its burden of showing that the claims against it arose outside of Alabama, as is required by § 6-5-430, Ala.Code 1975.[7] See my dissent in *940 Ex parte Kia Motors America, Inc., 881 So.2d 396 (Ala.2003) (See, J., dissenting).

. Section 6-5-430, Ala.Code 1975, the forum non conveniens statute, provides, in pertinent part:
“Whenever ... a claim, either upon contract or in tort[,] has arisen outside this state against any person or corporation ... and ... upon motion of any defendant, it is shown that there exists a more appropriate forum outside this state, ... the court must dismiss the action without prejudice....”
The main opinion concludes that the statute applies because “DCC points to the accrual of the plaintiffs' tort claims in Georgia.” (Emphasis added.) However,
"the words 'arisen' and 'accrue' are not synonymous. 'Arisen' is used to describe *940 the location of a cause of action, whereas 'accrue' is used to describe the initial point in time when a cause of action may be asserted.”
Kia Motors America, Inc., 881 So.2d 396, 402 (Ala.2003) (See, J., dissenting).