Patricia FOXWORTH, as Administratrix of the ESTATE OF Christopher Allen DURDEN, deceased, Plaintiff,

v.

KIA MOTORS CORPORATION; Emerald Auto Sales, Inc.; and Kia Motors America, Inc., Defendants.

Debra Woodward, as Administratrix of the Estate of Justin Vallieres, deceased, Plaintiff,

v.

Kia Motors Corporation; Emerald Auto Sales, Inc.; and Kia Motors America, Inc., Defendants.

Nos. 5:04cv90/MCR, 5:04cv122/MCR.

United States District Court,
N.D. Florida,
Panama City Division.

March 30, 2005.

See also 881 So.2d 396

Gerald B. Taylor, Jr., Benjamin E. Baker, Jr., Beasley Allen Crow, etc., Montgomery, AL, for Plaintiffs.

Larry Martin Roth, Martin Jerome Jaffe, Roth Powell & Pearson PA., Winter Park, FL, for Defendants.

## *ORDER*

RODGERS, District Judge.

These consolidated cases come before the Court upon the motions to dismiss and motions for summary judgment filed or joined in by Defendants Kia Motors Corporation ("Kia Corporation"), Kia Motors America, Inc., ("Kia America"), and Emerald Auto Sales, Inc., ("Emerald Auto") (together, "Defendants"),[1] to which motions Plaintiff Patricia Foxworth ("Foxworth") and Plaintiff Debra Woodward ("Woodward") (together, "Plaintiffs") have responded in opposition.[2] For the reasons

---

**1.** *See* Case No. 5:04cv90 docs. 4, 5, 12, 13, 53–57, 62, 64; and Case No. 5:04cv122/MCR docs. 5, 6. *See also* Case No. 5:04cv90 docs. 6, 14, 20, 21; and Case No. 5:04cv122/MCR doc. 7.

**2.** *See* Case No. 5:04cv90 docs. 22, 23, 27–30, 33, 59, 60, 67, 68; and Case No. 5:04cv122/MCR docs. 12–15.

given below, the Court grants Defendants' motions for summary judgment and denies their motions to dismiss as moot.

### Background

The following facts relevant to Defendants' motions for summary judgment are undisputed. (*See* Case No. 5:04cv90/MCR docs. 6, 14, 21, 28, 30; Case No. 5:04cv122/MCR docs. 7, 13). The events giving rise to the instant actions occurred October 16, 1999. On that date Christopher Allen Durden and Justin Vallieres were killed in Jackson County, Florida, when the 1998 Kia Sephia automobile in which they were riding collided with another vehicle and caught fire. Foxworth and Woodward, the administratrixes of the respective decedents' estates, filed separate actions against Defendants in the Circuit Court of Houston County, Alabama,[3] on September 7, 2001. After consolidating the cases, the trial court denied Defendants' motions seeking dismissal on *forum non conveniens* grounds pursuant to Ala. Code 1975, § 6–5–430.[4] Defendants then filed a petition for writ of mandamus in the Alabama Supreme Court, including a notice of waiver of defenses based upon the statute of limitations. The Alabama Supreme Court granted Defendants' petition and ordered the lower court to dismiss the actions so that they could be refiled in Jackson County, Florida. *See Ex parte Kia Motors America, Inc.,* 881 So.2d 396 (Ala.2003). On remand, the trial court on November 17, 2003, entered an order dismissing Plaintiffs' cases with prejudice. Plaintiffs immediately filed a motion to alter or amend the judgment to reflect that dismissal was without prejudice, which motion the court granted on December 12, 2003. Foxworth filed her instant complaint in the Circuit Court of Jackson County, Florida, on February 17, 2004, and Woodward filed her complaint on March 19, 2004. Kia America and Emerald Auto removed Plaintiffs' cases to federal court on April 9, 2004, and May 18, 2004, respectively, asserting diversity jurisdiction. This Court, finding that diversity jurisdiction was proper, denied Foxworth's motion to remand on May 19, 2004. (Case No. 5:04cv90/MCR doc. 44). On June 10, 2004, the Court granted Foxworth's motion to consolidate her case with Woodward's; the Court also stayed the consolidated cases pending disposition of the motions to dismiss and for summary judgment. (*Id.,* doc. 48).

---

3. The record reflects that Kia Corporation is headquartered in Korea and that Kia America is headquartered in California. Emerald Auto is located in Houston County, Alabama, where Plaintiffs initially brought their actions against Defendants.

4. Section 6–5–430 provides:

Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal. Ala.Code 1975, § 6–5–430.

### Summary Judgment Standard

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A factual dispute is " 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 998 (11th Cir.1992).

The movant carries the initial burden and must show that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. "Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). The nonmovant is then required "to go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions, and the like, designating "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. Evidence presented in opposition to the motion for summary judgment, and all factual inferences arising from it, must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Jones v. Cannon,* 174 F.3d 1271, 1281 (11th Cir.1999). Nevertheless, the existence of a scintilla of evidence in support of the nonmovant's position is insufficient; the test is "whether there is [evidence] upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252, 106 S.Ct. 2505.

### Discussion

In their memoranda Defendants acknowledge that in connection with their petition for writ of mandamus to the Alabama Supreme Court they consented to waive any defense based upon the statute of limitations. (*See* Case No. 5:04cv90/MCR docs. 5, 13; Case No. 5:04cv122/MCR doc. 6). Defendants maintain, however, that consistent with the language set forth in § 6–5–430, they explicitly limited this consent to an action commenced in Florida within sixty days of entry of an order of dismissal by the Circuit Court of Houston County, Alabama.[5] According to Defendants, the sixty days consented-to waiver period commenced November 17, 2003, when the trial court issued its initial order dismissing the actions with prejudice, and termi-

---

**5.** Defendants' Notice of Consent to Jurisdiction and Waiver of Statute of Limitations Defense, as filed with the Alabama Supreme Court, states in its entirety:

Pursuant to Alabama Code 1975 Sec. 6–5–430, Defendants Kia Motors America ("KMA"), Kia Motors Corporation ("KMC"), and Emerald Auto Sales, Inc., hereby state that upon dismissal of this action without prejudice based upon *forum non conveniens,* Defendants consent to submit to personal jurisdiction in the State of Florida, and further agree to waive any defense based upon any applicable statute of limitations if an action on the same cause of action is commenced in Florida with sixty (60) days of entry of an Order of Dismissal.

(Doc. 20, Exh. D).

nated January 16, 2004; alternatively, Defendants contend that the period commenced on December 12, 2003, when the trial court granted the motion to amend the judgment to reflect dismissal without prejudice, and terminated on February 10, 2004. Defendants point out that, even assuming Plaintiffs had until February 10, 2004, in which to file their complaints in the Circuit Court of Jackson County, Florida, neither Plaintiff in fact did so by that date. According to Defendants, because Plaintiffs failed to file their complaints within the sixty days period provided by § 6–5–430 and Defendants' express waiver, the two years limitations period set forth in Fla. Stat. § 95.11(4)(d) for wrongful death actions should apply to bar Plaintiffs' claims.

Plaintiffs respond that Defendants have waived the right to assert the statute of limitations as a defense or, alternatively, that Defendants are barred from raising this defense by the doctrine of equitable estoppel. (*See* Case No. 5:04cv90/MCR docs. 22, 27, 29; Case No. 5:04cv122/MCR doc. 12). According to Plaintiffs, in *Ex parte Kia* the Alabama Supreme Court interpreted § 6–5–430 as requiring the waiver of " 'any defense based upon the statute of limitations,' " then specifically found that Defendants in fact had waived "any" such defense. (*See, e.g.,* Case No. 5:04cv122/MCR doc. 12 at 2). Plaintiffs assert that they are entitled to rely on this interpretation and finding in the Alabama Supreme Court's opinion as well as on the trial court's order of dismissal, neither of which imposed any deadlines or restrictions on Plaintiffs for filing their cases in

the Circuit Court of Jackson County, Florida. Moreover, Plaintiffs contend, Defendants failed to ask either court to clarify or amend its order to impose any filing deadline. Plaintiffs also maintain that they filed their actions in Alabama within Florida's applicable limitations period, thus giving Defendants proper and timely notice, but that Defendants' own actions in seeking dismissal caused an extensive delay which ultimately resulted in Plaintiffs being forced to refile their claims in Florida. Plaintiffs complain that Defendants should not be permitted to profit from their own silence or the very conduct which caused the protraction of this litigation. Plaintiffs also submit that Defendants have suffered no unfair surprise and have not been required to defend stale claims as a result of any late-filing of the complaints.

■ As an initial matter, the Court notes that in this diversity case it is required to apply the laws of Florida, the forum state in which it sits. *See Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996); *LaTorre v. Conn. Mut. Life Ins. Co.,* 38 F.3d 538, 540 (11th Cir.1994). In particular, in this case the Court applies Florida's statute of limitations for wrongful death actions, which provides that such actions accrue two years from the date of death. *See* Fla. Stat. § 95.11(4)(d); *Fulton County Adm'r v. Sullivan,* 753 So.2d 549, 552 (Fla.1999). Therefore, pursuant to the two years limitations period provided by § 95.11(4)(d), absent tolling or some other delay, Plaintiffs in this matter would have had until October 16, 2001, in which to file their wrongful death actions.[6]

---

6. In the instant complaints Plaintiffs assert, as they evidently did in the Alabama cases, products liability, breach of warranty, and negligence and wantonness claims, *see Ex parte Kia,* 881 So.2d at 398, but they do not identify any statutory basis for their claims. Defendants describe Plaintiffs' cases as wrongful death or survival actions brought pursuant to

Florida's Wrongful Death Act ("WDA"), Fla. Stat. § 768.16– § 768.27, and Survival Statute ("SS"), Fla. Stat. § 46.021, a characterization which Plaintiffs have not disputed. Based upon the nature of Plaintiffs' claims, as well as Plaintiffs' failure to indicate otherwise, the Court assumes that Plaintiffs proceed pursuant to the WDA and SS under

The Court is satisfied that Defendants have met their initial summary judgment burden of demonstrating that Plaintiffs' instant actions are time-barred. Defendants have shown that their explicit consent to waiving a defense based on the statute of limitations was, as contemplated by § 6–5–430, restricted to a period of sixty days following dismissal by the Circuit Court of Houston County, Alabama. Further, there is no dispute that February 10, 2004, was the latest date by which any limited waiver period arising in the Alabama proceedings for filing anew in Florida would have elapsed.[7] Nor is there any question that Plaintiffs filed their complaints in Florida after that date. Thus the burden shifts to Plaintiffs to demonstrate there is indeed a material issue of fact that precludes summary judgment in Defendants' favor. As explained below, the Court concludes that Plaintiffs have failed to do so.

Plaintiffs argue that in *Ex parte Kia* the Alabama Supreme Court interpreted § 6–5–430 as requiring a defendant who seeks dismissal on *forum non conveniens* grounds to waive "any defense" based upon the statute of limitations absolutely and without restriction and found that Defendants in this case in fact made such an unqualified waiver. This Court finds Plaintiffs' reading of *Ex parte Kia* to be without support, indeed to be inconsistent with the clear meaning of both § 6–5–430 and the Alabama Supreme Court's opinion.

Section 6–5–430 does not by its terms require the sort of unrestricted waiver Plaintiffs suggest. Rather, after setting forth the circumstances under which the trial court "must" dismiss an action on *forum non conveniens* grounds, § 6–5–430 then states that the court "*may*" condition its dismissal upon the filing of a consent "(i) to submit to jurisdiction in the identified forum, *or* (ii) to waive any defense based upon a statute of limitations *if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal.*" Ala.Code 1975, § 6–5–430 (emphases added). Thus, as set forth in the statute, it is within the court's discretion whether to condition dismissal upon requiring a defendant to file a consent to submit to jurisdiction or to waive a statute of limitations defense for sixty days in the new forum. The Alabama Supreme Court noted in *Ex parte Kia*, however, that "[a] dismissal pursuant to § 6–5–430 without providing for the right of a plaintiff to refile would be contrary to the interests of justice, one of the factors to be considered in ordering such a dismissal." *Ex parte Kia*, 881 So.2d at 401. Therefore, according to the court, in deciding whether dismissal on *forum non conveniens* grounds pursuant

---

theories of products liability, breach of warranty, and negligence and wantonness. Under Florida law, a two-years limitations period applies to such claims. *See* § 95.11(4).

Even if there were some basis for the Court to apply the four-years limitations period which may pertain to certain products liability, breach of warranty, and negligence claims under Florida law, the analysis in this case would not be affected. *See* § 95.11(3). Absent some basis for permitting the delay, Plaintiffs' complaints, both of which were filed in 2004, would remain untimely even if the date for filing the complaints were extended to October 16, 2003.

7. Although there is a question of whether the alleged sixty days waiver period ran from November 17, 2003, through January 16, 2004, or from December 12, 2003, through February 10, 2004, the Court need not decide the matter because, in either instance, the complaints were filed after February 10, 2004. Nevertheless, the Court notes that Defendants' consent expressly references the dismissal of Plaintiffs' actions without prejudice, which did not occur until December 12, 2003. (Doc. 20, exh. D).

to § 6–5–430 is required the trial court must provide for the right of a plaintiff to refile.

Providing for the right of Plaintiffs to refile their actions in Jackson County, Florida, is precisely what occurred in the instant case. The Alabama Supreme Court concluded its opinion by stating:

> As previously noted, Kia and Emerald have filed in this Court a notice of consent to jurisdiction and waiver of the statute of limitations, thereby obviating the need for judicial action to protect the respondents from the assertion of defenses based on jurisdiction and limitations periods upon refiling in Jackson County, Florida.

*Ex parte Kia,* 881 So.2d at 401.

Elsewhere in the opinion the court also noted that Defendants previously had filed similar consents to jurisdiction and waiver of any statute of limitations defense in the trial court. *See Ex parte Kia,* 881 So.2d at 398, n. 3. The consents referenced by the Alabama Supreme Court explicitly limit Defendants' waiver of any defense based upon the statute of limitations to sixty days. (*See* doc. 20, exh. D). The court also specifically noted in its opinion that Defendants' notice of consent and waiver had eliminated the need for other judicial action to protect Plaintiffs' rights. Thus neither the Alabama Supreme Court nor the trial court needed to impose a deadline for refiling as one was set out in Defendants' express consent.

It is true that in *Ex parte Kia* the Alabama Supreme Court spoke several times of waiving "any defense" based on the statute of limitations. In fact, the court did so three times: when discussing the specific waiver submitted by Defendants, *Ex parte Kia,* 881 So.2d at 398, n. 3; when quoting § 6–5–430 in its entirety, *id.* at 399; and when referencing § 6–5–430 and Defendants' waiver, *id.* at 401. Plaintiffs place unwarranted importance, however, on the Alabama Supreme Court's use of the abbreviated phrase "any defense," which appears to have been taken from the final sentence of § 6–5–430.[8] Nothing within the context of the court's complete analysis, much less in the isolated, truncated references it made to "any defense," may reasonably or logically be taken to suggest that the court was mandating the absolute waiver without restriction of any statute of limitations defense. Such an understanding of *Ex parte Kia* is inconsistent with the express provisions of the statute, which authorize requiring a *maximum* waiver period of sixty days. The Alabama Supreme Court could not—and did not purport to—expand the scope of the statute beyond its terms. Plaintiffs' explication of *Ex parte Kia* is also inconsistent with the court's references to Defendants' written consent, which expressly limits the waiver period to sixty days. Although the court made reference to Defendants' consent without spelling out the parameters of that consent in full, it did not and could not rewrite the terms agreed to by Defendants. In short, a reasonable reading of *Ex parte Kia* simply does not lend itself to the conclusions that the Alabama Supreme Court held that § 6–5–430 requires defendants to waive "any defense" based upon the statute of limitations or that it found Defendants in this case in fact had waived "any" such defense.

This Court therefore finds that Defendants waived any defense based on upon

---

8. In its entirety, as quoted above, this sentence states: "Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal." Ala.Code 1975, § 6–5–430.

the statute of limitations only to the extent that Plaintiffs refiled their cases on the same cause of action in the Circuit Court of Jackson County, Florida, within sixty days of the date of dismissal by the Circuit Court of Houston County, Alabama. Plaintiffs' arguments that the Alabama Supreme Court held that a defendant must waive such a defense without reservation or that Defendants in this case specifically did so are rejected.

■ This Court also rejects Plaintiffs' contention that Defendants should be equitably estopped from asserting a statute of limitations defense. "Equitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position." *Major League Baseball v. Morsani,* 790 So.2d 1071, 1076 (Fla.2001). Under Florida law, the elements of equitable estoppel are: "(1) the party against whom estoppel is sought must have made a representation about a material fact that is contrary to a position it later asserts; (2) the party claiming estoppel must have relied on that representation; and (3) the party seeking estoppel must have changed his position to his detriment based on the representation and his reliance on it." *Watson Clinic, LLP v. Verzosa,* 816 So.2d 832, 834 (Fla.Dist.Ct.App.2002) (*citing Lewis v. Dep't of Health & Rehab. Services,* 659 So.2d 1255, 1256–57 (Fla. 5th DCA 1995)); *see also Whetstone Candy Co. Inc. v. Kraft Foods, Inc.,* 351 F.3d 1067, 1076 (11th Cir.2003) (noting that equitable estoppel consists of words or conduct which causes another person to believe a certain state of things exists and to consequently change his position in an adverse way) (citing *Southeast Grove Mgt., Inc. v. McKiness,* 578 So.2d 883, 886 (Fla. Dist.Ct.App.1991)).

■ In this case, in successfully pursuing dismissal in the Alabama proceedings on *forum non conveniens* grounds—including consenting to a limited waiver of any statute of limitations defense precisely as provided in Ala.Code 1975, § 6–5–430—Defendants did nothing to improperly "lull" Plaintiffs into a "disadvantageous legal position." *Major League Baseball,* 790 So.2d at 1076. Indeed, as none of the elements of equitable estoppel exists in this case, Plaintiffs' argument that Defendants should be equitably estopped from asserting a statute of limitations defense is wholly without merit.[9]

### Conclusion

The Court finds that in the Alabama proceedings Defendants neither were required to categorically waive any defense based on the statute of limitations in order to obtain a dismissal on *forum non conveniens* grounds nor did so and that the

---

9. Plaintiffs do not argue, nor does the Court find, that the statute of limitations should be statutorily or equitably tolled in this instance. Florida law does not allow the tolling of statutes of limitation for any reasons other than those specifically enumerated in Fla. Stat. § 95.051. *See Hearndon v. Graham,* 767 So.2d 1179 (Fla.2000) (declining to create additional tolling exceptions to those listed in § 95.051, instead deferring to the legislative directive that there be no tolling exceptions other than those declared by the legislature), and *Major League Baseball, supra* (same). Section 95.051 does not provide for tolling in the instant wrongful death causes of action.

Furthermore, there is no basis for equitably tolling the limitations period. The doctrine of equitable tolling, where it "involves no misconduct on the part of the defendant, may delay the running of the limitations period based on the plaintiff's blameless ignorance and the lack of prejudice to the defendant." *See, e.g., Machules v. Dept. of Admin.,* 523 So.2d 1132 (Fla.1988). In this case, regardless of whether Defendants have been prejudiced by the late filing of the complaints, Plaintiffs' "ignorance" of the time restrictions for refiling should not be deemed "blameless."

doctrine of equitable estoppel does not now bar them from asserting the defense. The Court concludes that Defendants were required to consent and in fact did consent to waive any defense based on the statute of limitations only for a period of sixty days from the date of dismissal of the Houston County, Alabama, cases; that such waiver period terminated no later than February 10, 2004; and that Plaintiffs' filed their complaints in the Circuit Court of Jackson County, Florida, after February 10, 2004. Because the complaints were not brought within Florida's two year statute of limitations for wrongful death actions and Defendants are not barred from asserting a limitations defense, either due to waiver or for equitable or other reasons asserted by Plaintiffs, the Court finds that the cases were untimely filed in the Circuit Court of Jackson County, Florida. Thus dismissal of these actions is warranted.

For the foregoing reasons, the Court finds that there are no genuine issues of material fact that necessitate a trial on the merits and that Defendants therefore are entitled to judgment as a matter of law.[10]

Accordingly, it is ORDERED:

1. The motions for summary judgment filed or joined in by Defendants Kia Motors Corporation, Kia Motors America, Inc., and Emerald Auto Sales, Inc. (Case No. 5:04cv90 docs. 5, 13, 56, 57, 64; and Case No. 5:04cv122/MCR docs. 6) are GRANTED.

2. Consistent with this Order the Clerk of Court is directed to enter summary judgment in favor of Defendants Kia Motors Corporation, Kia Motors America, Inc., and Emerald Auto Sales, Inc. Plaintiffs shall take nothing by this action and hence go without day.

3. The motions to dismiss filed or joined in by Defendants Kia Motors Corporation, Kia Motors America, Inc., and Emerald Auto Sales, Inc. (Case No. 5:04cv90 docs. 4, 12, 53, 54, 62; and Case No. 5:04cv122/MCR doc. 5) are DENIED, as moot.

---

10. While the Court acknowledges the severity and finality of its ruling in this case, it also recognizes the important policy considerations underlying statutes of limitations which have led to the harsh result of dismissal. Among the basic policies served by statutes of limitations are preventing plaintiffs from sleeping on their rights and prohibiting the prosecution of stale claims. *See e.g., Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478, 487–88, 100 S.Ct. 1790, 1796–97, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975). In *Tomanio* the Supreme Court observed that "[s]tatutes of limitations are not simply technicalities ... in the judgment of most legislatures and courts, there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious." *Toman*, 446 U.S. at 487–88, 100 S.Ct. 1790. The Eleventh Circuit has also noted that "[s]tatutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore, should not be given grudging application. They protect important social interests in certainty, accuracy, and repose." *Arce v. Garcia*, 400 F.3d 1340 (11th Cir.2005) (citation and internal quotation marks omitted).

Here, the dismissal of this consolidated case is attributable to Plaintiffs' sleeping on their rights, however briefly, and upsetting Defendants' reasonable expectation that Plaintiffs' claims would be barred by the statute of limitations after the consented-to waiver period had expired. Plaintiffs' argument that pursuant to § 6–5–430 Defendants were required to make an unqualified waiver of any statute of limitations defense or that, under the facts of this case, Defendants should be equitably estopped from asserting such a defense, are inconsistent with the well-established principles and policies outlined above by the Supreme Court and the Eleventh Circuit.

4. The Clerk of Court is directed to CLOSE this case.