I concur specially. Annette does not assert that her breach-of-warranty claim arose in Alabama. I believe that it did and that, therefore, even disregarding the misrepresentation claim against Pierson Chevrolet, it cannot be said that all the claims in this action arose outside Alabama. Nonetheless, I concur in the main opinion because that ground for venue in Alabama was not asserted.
Annette asserted a number of claims in her complaint against the petitioners, including a claim of a breach of warranty against DaimlerChrysler and Pierson Chevrolet and a misrepresentation claim against Pierson Chevrolet. The parties appear to agree that, with the exception of the misrepresentation claim against Pierson Chevrolet, all claims Annette asserted arose outside Alabama; the only claim disputed by the parties in their briefs to this Court is the misrepresentation claim.[8]
I believe that Annette's breach-of-warranty claim arose in Alabama; therefore, although Annette does not dispute that it arose in Utah, not all of Annette's claims arose outside Alabama. In Ex parte Kia Motors America, Inc., 881 So.2d 396
(Ala. 2003), the parties disputed whether the plaintiffs breach-of-warranty claim arose in Florida or Alabama. I dissented from the holding of the main opinion that the breach-of-warranty claim arose in Florida. As I explained in my dissent in Kia:
 "Where a breach-of-warranty claim arises for purposes of determining venue is a question of first impression in Alabama. The majority opinion concludes that the breach-of-warranty claim against Emerald arose in Florida because, under the statute of limitations, the cause of action for breach of warranty accrued when the accident occurred there. In reaching this conclusion, the majority likens the word `arisen' in the forum non conveniens statute to the word `accrue' in the statute of limitations. The statute of limitations provides that `a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.' § 7-2-725(2), Ala. Code 1975. However, the words `arisen' and `accrue' are not synonymous. `Arisen' is used to describe the location of a cause of action, whereas `accrue' is used to describe the initial point in time when a cause of action may be asserted.
 "Although Alabama courts have not addressed this issue, other state courts have. Under Florida law, `a cause of action is deemed to have "accrued" for venue purposes "where the act of default occurs."' Stanfield v. DeStefano, 300 So.2d 712, 713 (Fla.Dist.Ct.App. 1974) (citations omitted). `In the case of an action for breach of warranty, [venue] is controlled . . . by the place . . . where the breach took place — that is, where (and when) the goods in alleged breach of the warranty were delivered.' Id.
 "Under Pennsylvania law, a cause of action `arises when that is not done which should have been done.' Alpha Claude Neon Corp. v. Pennsylvania Distilling Co., 325 Pa. 140, 142, 188 A. 825, 826 (1936). Relying on this rule of law, the Court of Common Pleas held that the place where an alleged breach of an implied warranty arises is the county where tender is made. Brough *Page 1100 v. Carl Cook Auto Sales, Inc., 75 Pa. D. 
C.2d 132, 134 (1976). Therefore, that court concluded that the proper venue for asserting a breach-of-implied-warranty claim was the county where the allegedly defective car had been purchased, not the county where the injury occurred. Id.
 ". . . .
 "In the present case, Emerald warranted the car as fit for its intended purpose when the purchaser accepted delivery of the car in Houston County[, Alabama]. The respondents allege that the car was not fit for its intended purpose. The act giving rise to the breachof-warranty claim against Emerald was Emerald's delivery of an allegedly defective car at its dealership in Houston County, not the accident in Florida. Therefore, the breach-of-warranty claim against Emerald arose in Houston County, even if it did not accrue, for purposes of the statute of limitations, until the date of the Florida accident; thus, venue for this action properly lies in Houston County."
Kia, 881 So.2d at 402-03 (See, J., dissenting) (footnotes omitted).
Similarly, in this case, the act giving rise to Annette's breach-of-warranty claim against DaimlerChrysler and Pierson Chevrolet was the delivery of an allegedly defective sport-utility vehicle at its dealership in Etowah County, not the accident in Utah. Therefore, I believe that Annette's breach-of-warranty claim arose in Alabama.
[8] Annette argues to this Court:
 "The Petition for Permission to Appeal the denial of the motion to dismiss the misrepresentation claim was rejected by this Court on October 20, 2005. Thus, a valid Alabama claim is pending and this case cannot be dismissed based on the doctrine of forum non conveniens as a matter of law."
Annette's response to the mandamus petition, p. 12.