Rel: April 11, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

———————————————

## CL-2025-0145

———————————————

**Ex parte Nucor Harris Rebar South, LLC**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Nucor Harris Rebar South, LLC**

**v.**

**Anthony Chapman)**

**(St. Clair Circuit Court:  CV-23-900132)**

LEWIS, Judge.

Nucor Harris Rebar South, LLC ("Nucor"), petitions this court to issue a writ of mandamus directing the St. Clair Circuit Court to vacate

its order transferring the underlying action to the Jefferson Circuit Court. We grant the petition and issue the writ.

On December 1, 2023, Nucor filed a complaint styled "Declaratory Complaint to Determine Workers' Compensation Benefits," naming Anthony Chapman as the defendant. In its complaint, Nucor stated that venue is proper in the St. Clair Circuit Court. On Thursday, January 9, 2025, at 8:28 p.m., Chapman filed a motion to transfer venue of the action to the Jefferson Circuit Court. Chapman based his motion on § 6-3-21.1(a), Ala. Code 1975; that statute provides, in pertinent part:

> "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of the parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though as originally filed therein."

The St. Clair Circuit Court granted Chapman's motion on Monday, January 13, 2025, at 1:13 p.m. Nucor filed its petition for a writ of mandamus with the Alabama Supreme Court on February 14, 2025; the Alabama Supreme Court then transferred the petition to this court because the case is within this court's original appellate jurisdiction. See § 12-3-10, Ala. Code 1975.

2

"'The proper method for obtaining review of a denial [or grant] of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So. 2d 297, 302 (Ala. 1986). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So. 2d 932, 936 (Ala. 1995).'"

Ex parte Burgess, 298 So. 3d 1080, 1082 (Ala. 2020) (quoting Ex parte National Sec. Ins. Co., 727 So. 2d 788, 789 (Ala. 1998)).

Relying heavily on Ex parte Burgess, 298 So. 3d 1080, 1085 (Ala. 2020), Nucor argues that the St. Clair Circuit Court erred by failing to allow it a reasonable opportunity to respond in opposition to Chapman's motion to transfer venue. In Burgess, our supreme court explained:

"[W]e find it troubling that the Jefferson Circuit Court granted the motion for a change of venue without affording Burgess a reasonable time in which to file a response. Although courts are encouraged to act promptly in ruling on motions, especially at the initial phase of any case, we cannot condone a hasty decision that fails to consider a response from the opposing party -- effectively ignoring any argument in support of the opposition. In this case, the Jefferson Circuit

3

Court received the motion for a change of venue on a Friday afternoon and entered an order granting that motion the following Monday. This short period could not have allowed a full consideration of the motion, and excluding Burgess's views effectively divested the court of any presumption that it appropriately used its discretion. Even though our procedural rules are silent and provide no specific guidance, we hold that, before a ruling is entered on a motion for change of venue, a trial judge should, at a minimum, allow the party opposing the motion to file a response and then consider whether a hearing would provide a more complete foundation for the exercise of its discretion regarding a change in venue."

298 So. 3d at 1084-85.

We find the procedural history of the present case comparable to that in Burgess. Here, Chapman filed his motion to transfer venue on a Thursday at 8:28 p.m. The St. Clair Circuit Court granted that motion the following Monday at 1:13 p.m., fewer than two business days after the motion was filed. In accordance with Burgess, we conclude that the St. Clair Circuit Court exceeded its discretion by failing to give Nucor "a reasonable time in which to file a response." Id. As stated in Burgess, the trial court should, "at a minimum, allow the party opposing [a] motion [to transfer venue] to file a response and then consider whether a hearing would provide a more complete foundation for the exercise of its discretion ...." Id. at 1085. Here, the trial court did not do so. Therefore, we grant the petition and issue a writ of mandamus directing the St.

4

Clair Circuit Court to vacate its order transferring the case to the Jefferson Circuit Court and for further proceedings to determine the merits of Chapman's motion in accordance with <u>Burgess</u>. Based on our disposition of the petition on the foregoing basis, we pretermit discussion of the merits of the motion to transfer venue.

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.